pany. No opinion. Motion for leave to go to Court of Appeals granted. Motion for stay denied. See memorandum per curiam.

In re KEARNEY'S ESTATE. (Supreme Court, Appellate Division, First Department. January 19, 1906.) In the matter of Thomas J. Kearney, deceased. No opinion. Order affirmed, with $10 costs and disbursements.

KEEFE, Respondent, v. LIVERPOOL & LONDON & GLOBE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 3, 1906.) Action by Marcella M. Keefe against the Liverpool & London & Globe Insurance Company. No opinion. Judgment and order affirmed, with costs.

KELLS, Respondent, v. J. E. DAVIS MFG. CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 8, 1906.) Action by Hiram Kells against the J. E. Davis Manufacturing Company. No opinion. Judgment and order unanimously affirmed, with costs.

KELLY et al., Appellants, v. ASHFORTH et al., Respondents. (Supreme Court, Appellate Division, First Department. February 23, 1906.) Action by Margaret Kelly and another against Edward Ashforth and others. Richard T. Greene, for appellants. Henry W. Taft, for respondent Ashforth. George S. Mittendorf, for respondent McBibney. James F. Horan, for respondent Farmers' Loan & Trust Co.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the court below. 95 N. Y. Supp. 1004.

INGRAHAM, J. I concur in the affirmance of this judgment and generally in the opinion of the learned trial court. The plaintiffs as representatives of the decedent are not seeking to prevent the enforcement of an executory contract. They are seeking to set aside a transfer of property made in November, 1896, in trust for the benefit of the plaintiffs' intestate and his wife during their lives, with a remainder over to the defendant Ashforth, on the ground that this arrangement was procured by undue influence exercised by Ashforth. The complaint alleged that the transfer of the property and the trust agreement were procured by Ashforth from Kelly "by means of undue influence, fraud, and threats against the said Duncan Kelly, and that the statement of the consideration for the execution of the trust agreement was a trick or device for the purpose of giving to said alleged trust agreement an appearance of validity and for the purpose of inducing said Duncan Kelly and the Farmers' Loan & Trust Company to believe that the said alleged trust agreement was founded upon a valuable consideration, but in fact there was no consideration therefor." The evidence disclosed that this property, transferred to the Farmers' Loan & Trust Company in trust, consisting of two mortgages of the value of $25,000, was the property of Duncan Kelly, who had a perfect right to do with it as he saw fit. He could have spent it, given it away, bequeathed it by a last will and testament, or treated it as any one

has the power to treat his own property. He transferred the property to the Farmers' Loan & Trust Company by valid transfers, and at the same time there was executed a written agreement by which the Trust Company agreed to hold the bonds and mortgages upon certain trusts specified. There was no evidence that Kelly was not perfectly sane and in the full possession of all his faculties at the time he made this agreement; that he did not know what he was about, or did not intend to do just what he did, and for almost nine years after the trust was created he acquiesced in it, received the income from the trust property under the trust agreement, and never expressed any dissatisfaction with the arrangement. There was no evidence that this arrangement was suggested by the defendant Ashforth, that it was through his influence that Kelly transferred the property and executed the trust agreement, or that he had anything to do with the transaction, except that he was present at the time that the trust agreement was executed and joined in its execution. There certainly was nothing in the situation, or in the relations between Ashforth and Kelly, the acts of Ashforth in relation to the transaction, so far as they appeared on the trial or from the provisions of the instrument itself, which raised a presumption of fraud; and, there being no presumption of fraud, the burden was upon the plaintiffs to show that fraud or undue influence existed. The case being entirely bare of any such evidence, the plaintiff failed to establish any cause of action.

KERVAN v. SMITH. (Supreme Court, Appellate Division, First Department. January 12, 1906.) Action by Matthew C. Kervan against G. Imbrie Smith. No opinion. Motion denied, with $10 costs.

KETCHUM v. NEW YORK CITY RY. CO. (Supreme Court, Appellate Division, First Department. December 30, 1905.) Action by E. Van Rensselaer Ketchum against the New York City Railway Company. No opinion. Motion granted.

KETTELL, Appellant, v. KETTELL, Respondent. (Supreme Court, Appellate Division, Second Department. January 19, 1906.) Action by Bertrand Kettell against Ida F. Kettell. No opinion. Order affirmed, with $10 costs and disbursements.

KEYES v. GEORGE C. FLINT CO. (Supreme Court, Appellate Division, First Department. January 22, 1906.) Action by John J. Keyes against the George C. Flint Company. No opinion. Motion denied, with $10 costs.

KILPATRICK, Respondent, v. WILLIAM WHITMER & SONS, Inc., Appellant. (Supreme Court, Appellate Division, First Department. December 30, 1905.) Action by Walter F. Kilpatrick against William Whitmer and Sons, Incorporated. W. B. Brice, for appellant. W. H. James, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.