William J. Regan, S.
The question of the right to the proceeds of the Metropolitan Life group policy has been remitted to this court by the Appellate Division (25 A D 2d 241) with the direction to dismiss this part of the submission unless there is filed an additional statement containing sufficient facts so that a proper decision may be made.
Pursuant to such direction petitioner has submitted the following information:
On April 6,1964 Metropolitan Life Insurance Company issued a group insurance certificate under group policy number 16000G-, serial number 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 to John Bobula, employee of Bethlehem Steel Company, effective April 6,1964, life insurance $8,000, beneficiary Marian Bobula, wife. Beference has been made to section 14 of the master policy which states as follows: ‘ ‘ Change of Beneficiary — Any Employee insured hereunder may, from time to time, change the beneficiary designated in his certificate by filing written notice thereof with the policyholder accompanied by the certificate of such Employee. Such change shall take effect upon endorsement thereof by the policyholder on such certificate and unless the certificate is so endorsed, the change shall not take effect. After such endorsement, the change shall date back and take effect as of the date the Employee signed said written notice of change, whether or not the Employee is living at the time of such endorsement, but without prejudice to the Insurance Company on account of any payment made before receipt of such written notice. ’ ’
On August 28, 1964 John Bobula murdered Marian Bobula and committed suicide. It could not be determined who died first and this court on November 10, 1964 made an order of “ Simultaneous Death.”
In view of the above and after hearing argument of counsel, this court is satisfied that the right to change the beneficiary was reserved to the insured employee and as such the interest of the beneficiary is a mere expectancy, a vested interest subject to being divested, or an inchoate right.
*378The afore-mentioned facts, being as they are, do not, in this court’s opinion, fall under the ruling established by Riggs v. Palmer (115 N. Y. 506). The theory that no man shall profit by his crime is not debated by this court. But a distinction is readily seen. In Riggs v. Palmer a crime is committed for the sole purpose of acquiring property, a mere expectancy, which may not otherwise ever be acquired. The killer had no absolute interest in the property sought to be obtained. That was a murder for profit. This is not the factual situation here. The right to change the beneficiary under the insurance policy in question was reserved. The interest of Marian Bobula could have been terminated at any time by John Bobula by simply changing the beneficiary in accordance with the insurance contract. Thus, in this particuluar instance, the wrongdoer, John Bobula, does not acquire property by reason of his crime. He owned the property involved. Nor would there appear to be sufficient reason to charge the deceased insured as a constructive trustee. Although the interest of Marian Bobula was defeasible on her predeceasing her husband, and although she predeceased him because of the murder, if such it was, her interest could have been terminated at any time by virtue of the power reserved to the insured. Since the deceased insured could have acquired the interest under the policy by a mere scratch of the pen, there was no incentive to acquire it by murdering her. (Of. 4 Scott, Trusts [2d ed.], § 494.4; Union Central Life Ins. Co. v. Elizabeth Trust Co., 119 N. J. Eq. 505.)
The wrong committed, at least in this particular instance, was not an act motivated by profit, nor does the wrongdoer profit by his crime.
In view of the above it is the decision of this court that the proceeds of the insurance policy in issue herein be paid to the representatives of the estate of John Bobula, deceased.