## 47999. WILLIS v. FRAZIER.

QUILLIAN, Judge. The Independent Life and Accident Insurance Company filed a complaint for interpleader naming as co-defendants Joel A. Willis, Jr., as Executor of the Estate of Inez H. Frazier (hereinafter referred to as appellant) and Danny Mack Frazier (hereinafter referred to as appellee).

In the order allowing interpleader the insurance company was allowed to interplead and to pay into the registry of the court the sum of two thousand dollars ($2,000), being the proceeds of the two insurance policies issued by the insurance company upon the life of William E. Frazier, the same to be held for the benefit of appellant and appellee until such time as their respective claims had been determined.

William E. Frazier and Inez H. Frazier were husband and wife. William Frazier was the insured under the two insurance policies and Inez Frazier was the beneficiary of the policies. Both policies contained a provision allowing the insured to change the designated beneficiary at any time.

The appellant contends that it was shown that William Frazier killed Inez Frazier and then killed himself. It is conceded that Inez Frazier predeceased William Frazier. The appellant filed a motion for summary judgment which was denied. It is from this ruling that an appeal was filed. *Held:*

The appellant contends that the proceeds of the insurance policies should go to the estate of Inez Frazier under the provisions of Code Ann. § 113-909 (Ga. L. 1952, pp. 288, 289; 1959, pp. 299, 300) because William Frazier killed Inez Frazier. See also Code Ann. § 56-2506 (Ga. L. 1960, pp. 289, 687). With this contention we cannot agree. The above Code section provides in substance that where a person kills another

he shall not inherit from the person he killed. In the present case William Frazier did not benefit from Inez Frazier's death because he could have changed the beneficiary at any time. Inez Frazier had no vested interest in the proceeds of the insurance policies (*Bankers Health &c. Ins. Co. v. Crozier,* 192 Ga. 111 (14 SE2d 717)), also her estate had no right to the proceeds of the policy. In Re Estate of Bobula, 51 Misc. 2d 376 (273 NYS2d 165).

"Where the beneficiary does not have a vested interest at the time of his death, his estate or legal representatives or heirs or next of kin, derive no interest from or through him, but the right to the proceeds passes to the estate of insured. Where the interest of the beneficiary is conditioned on surviving insured, and he does not so survive, the legal representatives of such beneficiary are not entitled to the proceeds." 46 CJS 54, Insurance, § 1170; 44 AmJur2d 657, Insurance, § 1746.

*Moore v. Moore,* 228 Ga. 489 (186 SE2d 531), cited by the appellant, would not apply to the case sub judice because in the *Moore* case the beneficiary murdered the insured.

The overruling of the motion for summary judgment was not error.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED MARCH 5, 1973 — DECIDED APRIL 6, 1973.

*A. O. B. Sparks, Jr.,* for appellant.

*Nixon & Nixon, John P. Nixon, Jon A. Nixon,* for appellee.