Order modified by annulling the direction that judgment be entered in favor of American Mental Health Foundation and, as so modified, affirmed, with costs to all parties appearing separately and filing separate briefs payable, out of the trust estate, and the case remitted to Supreme Court, New York County, for further proceedings in accordance with the following memorandum: The Appellate Division correctly held that because of his homicidal act, Dalton could not benefit from the trust created by his victim (Riggs v. Palmer, 115 N. Y. 506; Matter of Kaplan, 49 Misc 2d 335) and that this disqualification extends with equal force to Dalton’s nominee, Gonynor. However, we find no appropriate basis for differentiating between Gonynor and the other contingent beneficiary, American Mental Health Foundation, which likewise was a nominee of Dalton. The rights of both these beneficiaries had their genesis in the nomination by Dalton followed by his felonious act and would not have ripened had it not been for his conceded wrongdoing. Hnder these circumstances and where such a wrongdoer has procured a gift to others not shown to have been privy to his wrong, but nominees nonetheless, their rights likewise are to be divested in favor of those who would benefit had the wrong not been inflicted.
Concur: Chief Judge Fuld and Judges Bubke, Bbeitel, Jasen, Gabbielli, Jones and Wachtleb.