## 68352. BLAND v. USSERY et al.

(322 SE2d 335)

SOGNIER, Judge.

Mollie B. Ussery, Administratrix for the Estate of Nolan Lewis Ussery, sued Independent Life and Accident Insurance Company (Independent) to recover under a policy insuring the life of Nolan Lewis Ussery in which his wife, Glenice Ussery, was named as owner and sole beneficiary. Nolan and Glenice Ussery had died in an apparent murder/suicide. Independent filed an answer and counterclaim for interpleader asking that Susie Bland, Administratrix of the Estate of Glenice Ussery, be made a party. By consent order, Bland was made a party and added as an interplead third party whereupon Bland and Mollie B. Ussery were made to interplead their respective claims to the proceeds of the Independent insurance policy.

Bland now appeals from the trial court's order granting summary judgment in favor of Mollie B. Ussery against Bland and Independent, and ordering that Mollie B. Ussery, Administratrix, have and recover the insurance proceeds.

Appellant contends that the trial court erred by granting appellee's motion for summary judgment in that genuine issues of material fact exist as to appellant's defense that OCGA § 53-4-6 acted to bar Nolan Ussery from profiting from his alleged murder of Glenice Ussery. The death certificates introduced into evidence stated that Glenice Ussery died at 7:07 p.m. from a gunshot to the head/brain inflicted by "another" and that Nolan Ussery died at 7:10 p.m. as a suicide. The coroner who signed the death certificates testified by affi-

davit that in his opinion there was no way to determine who was the first to die. No further evidence was presented about how the deaths occurred.

Appellee argues that the trial court's grant of summary judgment was correct under *Willis v. Frazier*, 128 Ga. App. 748 (197 SE2d 830) (1973), in which the insured murdered his beneficiary-wife, then committed suicide. The holding there was based on the fact that the beneficiary had no vested right in the insurance proceeds and thus there was no "benefit" to the insured from the murder because the insured had the power during and after the wife's lifetime to change beneficiaries and make his own estate the beneficiary of the policy. Therefore, the *Willis* court found neither Ga. Code Ann. § 113-909 (OCGA § 53-4-6) nor Ga. Code Ann. § 56-2506 (OCGA § 33-25-13) applicable.

In the instant case, *Willis* is distinguishable by the fact that Glenice Ussery was not only the beneficiary but also the owner of the policy and under the terms of the policy she had "all benefits and may exercise all rights and privileges granted by this policy." The policy thus gave Glenice Ussery the exclusive right to select the beneficiary of the policy. Although Nolan Ussery was the insured, under the terms of the policy he had no authority to change the named beneficiary. However, a further provision of the policy stated that if the owner of the policy "predeceases the Insured without having duly appointed a successor, the Insured shall then become the Owner." Thus, as distinguished from *Willis*, Nolan Ussery stood under the terms of the policy to "benefit" by the death of Glenice Ussery in that her death would return to him the power to change the policy beneficiary.

No competent evidence was introduced into the record to indicate whether Glenice Ussery predeceased Nolan Ussery so that a question of fact remains whether the policy provision transferring ownership to the insured is activated by this situation. We note that even should the provisions of the Uniform Simultaneous Death Act (OCGA § 53-11-1 et seq.) or OCGA § 33-24-42 be applied here, the record is equally silent as to whether Nolan Ussery murdered Glenice Ussery so that a question of fact remains whether the provisions of OCGA § 53-4-6 and OCGA § 33-25-13 would step in to bar the policy provision from transferring the rights of a deceased owner to the living insured, thus "benefiting" the insured.

We therefore reverse the trial court's grant of appellee's motion for summary judgment on the basis that genuine issues of material fact remain to be determined. OCGA § 9-11-56; *Morrison Dental Assoc. v. Wilcher*, 166 Ga. App. 236 (303 SE2d 775) (1983).

*Judgment reversed. McMurray, C. J., and Deen, P. J., concur.*

*S. Phillip Brown*, for appellant.

*Raymond M. Kelley, Jr., Stewart R. Brown, Cubbedge Snow III*, for appellees.