OPINION OF THE COURT
Renee R. Roth, S.
Petitioners, the preliminary executors of the estate of George Rose, ask the court to exercise its discretion in an unusual situation.
George Rose, the actor, died on May 5, 1988 in Sosua, Dominican Republic. His estate is valued at approximately *413 $1,600,000, part of which is located in the Dominican Republic. Under the propounded instrument, dated June 16, 1987, Mr. Rose made preresiduary bequests of $85,000 to friends and disposed of his residuary estate in trust for the income benefit of his adopted son Domingo Antonio Vasquez Rose (hereinafter Vasquez) until he attains age 36 at which time he is to receive the principal. In the event that Vasquez dies before age 36, without a wife or issue, the remainder is to be used by the trustees for the restoration and maintenance of the Parish Church at Bucknell, England.
Testator’s death is reported to have occurred late at night on a lightly travelled road while he was driving toward his home. Dominican police have determined that Mr. Rose’s death was a homicide and have charged his son Vasquez and Vasquez’ natural father and uncle with intentionally causing Mr. Rose’s death. Reports indicate that Vasquez has confessed to this crime.
Immediately following the reported homicide, one of the petitionering executors visited Vasquez in jail. Vasquez denied guilt, claimed a coerced confession and contended he has a provable alibi.
The nominated executors believe that they have a responsibility to ascertain the facts surrounding Mr. Rose’s death, while remaining absolutely neutral with respect to the criminal prosecution. They request authorization from the court to retain an experienced investigator to make a preliminary investigation at this stage of the proceedings in the Dominican Republic and later to cover the trial.
As does this court, the executors envision problems resulting from the differences between the homicide statutes of this State and those of the Dominican Republic. Under New York law, if Vasquez is convicted of one of the intentional homicides, his right to inherit under Mr. Rose’s will is forfeited (Riggs v Palmer, 115 NY 506; Petrie v Chase Manhattan Bank, 38 AD2d 206, mod 33 NY2d 846; Matter of Jacobs, 2 AD2d 774, affd 3 NY2d 723). No hearing in this court will be required (Matter of Loud, 70 Misc 2d 1026).
If he is convicted of one of the lesser degrees of homicide, e.g., reckless manslaughter or criminally negligent homicide by plea or after trial, a hearing would be necessary to determine, irrespective of the label of the crime, to what extent, if any, his conduct was intentional. The criminal laws of the Dominican Republic are not that clear-cut between intentional, reckless or negligent conduct.
*414 Parenthetically, it is observed that Vasquez’ guilt or innocence of intentional murder has no bearing on the validity of the propounded instrument but only upon the disposition of Mr. Rose’s substantial residuary estate.
Petitioners’ request is well reasoned. The question is whether the court may grant it.
The statute governing preliminary executors (SCPA 1412) was enacted to place a fiduciary in office immediately so that there would be no delay in administering an estate (1963 Temporary State Commn on Law of Estates, Second Report, NY Legis Doc No. 19, at 90). Subdivisions (3) and (4) address the powers of the preliminary executor.
In such respect, subdivision (3) provides that: "The letters shall confer upon the person named therein, subject to any limitations contained in the instrument offered for probate, all the powers and authority and shall subject him to all the duties and liabilities of an administrator”.
EPTL 11-1.1 is the primary statute governing the powers of fiduciaries, a term which includes administrators and preliminary executors. Subdivision (c) of this statute provides that the "court having jurisdiction of the estate or trust may authorize the fiduciary to exercise any other power which in the judgment of the court is necessary for the proper administration of the estate or trust.”
This language confers broad authority upon the court. Under the circumstances of this case, it would not be an abuse of discretion to authorize the preliminary executors to hire an investigator. It is well established that fiduciaries are obligated to protect the interests of all beneficiaries, vested or contingent, not preferring one to the detriment of others or conferring a benefit upon one at the expense of another (Matter of Muller, 24 NY2d 336, 341; Matter of Bush, 2 AD2d 526, affd 3 NY2d 908; Matter of Heinrich, 195 Misc 803, 809; In re James, 86 NYS2d 78, 79).
Furthermore, fiduciaries (preliminary or permanent) have a duty to bring to the court’s attention any question with respect to the validity of a disposition under testator’s will. As they are required to investigate the validity of claims against an estate, fiduciaries are also duty bound to investigate the possibility that a bequest under the will is forfeit.
Because of the circumstances of this case, the preliminary executors must act as fact finders for the court. They may of necessity be required in the future to institute a proceeding to *415 determine the rights of testator’s son or of other legatees. To delay in ascertaining information which could assist the court in its determination would be contrary to their fiduciary obligations. Accordingly, the court authorizes petitioners to employ an investigator whose fees are determined to be a proper expense of administration (EPTL 11-1.1 [b] [22]).
The court notes, however, that this decision does not imply approval of the selection of the proposed investigator or the amount of his compensation. Such decisions require business judgments which are the fiduciary’s responsibility.