OPINION OF THE COURT
Renee R. Roth, S.
Decedent, Jorge Paez Vasquez, died intestate on February *185 17, 1992 survived by his wife and four children. The distributees disagree as to who should be appointed administrator. Although in the past the contest for letters of administration would have required that the court choose between the competing factions, a recent amendment to SCPA 702 appears to provide a different solution.
The background is briefly stated. Two of decedent’s children, Jorge Paez, Jr. and Maria Christina Frame, with the consents of their mother and a third sibling, seek letters of administration claiming that the estate consists of only one share of stock in a realty corporation (128 Remsen Realty Corp.) which they value at $70,000. The three children claim that they own the other shares in Remsen by virtue of an inter vivas gift from their father. Contending that there was no such gift, decedent’s remaining distributee, daughter Theresa Jalinske, requests that letters issue to her so that she may commence an action against petitioners, among others, to recover property that belongs to her father’s estate. Petitioners concede that they would not seek judicial review of the validity of this stock transfer.
The controversy before the court is clearly the type of situation which prompted the Legislature to add a new subdivision (9) to SCPA 702 (L 1993, ch 514, § 12, eff Jan. 1, 1994) permitting the grant of limited letters "[t]o commence and maintain any action or proceeding against the fiduciary, in his or her individual capacity, or against anyone else against whom the fiduciary fails or refuses to bring such a proceeding.”
Prior to this amendment, the court had authority to grant restrictive letters for "any other purpose or act * * * appropriate or necessary * * * to the proper administration” of an estate (SCPA 702 [former (8), renum (10)]). The novelty of the amendment consists in the court’s discretionary power to grant limited letters to a second fiduciary to commence a proceeding against the serving fiduciary in his individual capacity or for any other purpose in the event that the principal fiduciary will not act. Indeed, the amended subdivision 10 (formerly [8]) of SCPA 702 (L 1993, ch 514, § 12), after restating in general terms that any letters may contain appropriate specific restrictions, contains a newly added closing paragraph, which clarifies that "[t]he issuance of limited or restrictive letters * * * may be in addition to the issuance of general letters or other, limited or restrictive letters”.
*186 In the instant case, the court would be inclined to grant letters of administration to petitioners who represent four out of decedent’s five distributees. However, because of the dispute over the ownership of the Remsen stock, petitioners have a conflict of interest. As fiduciaries they are required to recover all of decedent’s assets but they clearly have no interest in suing themselves in their individual capacities. Under these circumstances fiduciaries should be appointed to serve two different purposes.
Accordingly, general letters of administration shall issue to Jorge Paez, Jr. and Maria Christina Frame. In addition, limited letters of administration shall issue to Theresa Jalinske for the sole purpose of prosecuting an action to recover estate assets from, among others, the coadministrators.