*977 OPINION OF THE COURT
Lee L. Holzman, J.
In this proceeding requesting the issuance of letters of administration to decedent’s son, the issue is whether petitioner is entitled to limited letters pursuant to SCPA 702 (9) (L 1993, ch 514, § 12, eff Jan. 1,1994) even though he was not nominated as an executor in a testamentary instrument purportedly executed by decedent on August 29, 1992. One of the nominated executors under the will objects to the issuance of letters of administration to petitioner, alleging that the application should be denied because petitioner is not a nominated executor under decedent’s will.
Decedent died on June 3, 1995. Although the will has been filed in the court, no proceeding has been filed for its admission to probate. Petitioner alleges that he wishes to commence proceedings against objectant and another party to ascertain whether they possess estate property as a result of loans or other transactions that they had with the decedent in the course of their business and social relationships. He also avers that objectant could not adequately represent the estate in a discovery proceeding against the other party because of his business and social relationships with this party. Consequently, and even assuming arguendo that the will is ultimately admitted to probate, petitioner asserts that he is nevertheless entitled to letters of administration limited to instituting discovery proceedings pursuant to SCPA 2103 against object-ant and this other party.
Under SCPA 702 (9), the court may grant to a person other than the original fiduciary letters of administration limited to "proceeding against the [original] fiduciary, in his or her individual capacity, or against anyone else against whom the fiduciary fails or refuses to bring such a proceeding”. The obvious purpose of this provision is to preserve decedents’ actual (testate) or presumed (intestate pursuant to SCPA 1001) selection of fiduciaries by permitting the appointment of a second limited administrator instead of requiring the disqualification or removal of original fiduciaries where their conflicts of interests preclude them from pursuing claims against themselves or others to the prejudice of other persons interested in the estate (see, Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 702, at 508).
Inasmuch as petitioner has a remainder interest under the filed will and is decedent’s sole distributee, he would be *978 prejudiced, regardless of whether decedent died testate or intestate, if all of the assets of the estate are not collected. It is self-evident that objectant could not commence a discovery proceeding against himself. Moreover, objectant’s failure to file a probate proceeding in the more than six months that have elapsed since decedent’s death speaks for itself with regard to his lack of enthusiasm for obtaining the status of a fiduciary in order that he might pursue a discovery proceeding against the party with whom petitioner alleges that objectant has a business and social relationship. Petitioner should not have to wait to pursue these claims by filing objections in an accounting proceeding which obviously could not be done until such time, if ever, that objectant takes the necessary steps to be appointed the fiduciary and ultimately files an account reflecting that he has not pursued these claims. Not only would the delay in pursuing the claims be prejudicial in the event that crucial evidence became unascertainable with the passage of time, but also because such a course would place upon petitioner the burden of first having to prove that the claims should have been pursued and then having to establish the sums that would have been recovered on behalf of the estate if they had been expeditiously pursued.
Had objectant taken the necessary steps to have himself appointed preliminary or permanent executor, this case would present the model for utilizing SCPA 702 (9) to grant limited letters of administration to petitioner so that he would not be prejudiced by objectant’s conflict of interest with regard to the claims. It is not unreasonable to assume that objectant has not sought to probate the filed will because he is presently unaware of any assets that would be distributed pursuant to its terms. Petitioner believes that there might be such assets and he should be permitted to pursue the claims at his own expense. Accordingly, pursuant to the spirit if not the letter of SCPA 702 (9), since there is no other appointed fiduciary at this time, petitioner shall receive letters of administration limited solely to commencing a discovery proceeding against objectant and the party with whom he allegedly had a business and social relationship. All of the expenses of the discovery proceeding shall initially be borne by petitioner, individually, including counsel fees, without prejudice to his right to seek reimbursement from estate assets in the event that the discovery proceeding results in a recovery which benefits the estate.