OPINION OF THE COURT
Renee R. Roth, S.
This application by a disinherited distributee of testatrix Vivian J. Davidson raises novel questions with respect to standing to challenge a revocable trust after the settlor’s death and the procedures for bringing such a contest. Here, petitioner seeks limited letters of administration (SCPA 702 [9]) in order to commence a discovery proceeding against the trustee of decedent’s revocable trust (SCPA 2103), who is also the nominated executor of her will.
Mrs. Davidson died on August 11, 1997, survived by her niece, Lizette Edgar, and her nephew, Barry Low (petitioner). Testatrix and her husband (who predeceased her) had executed a joint revocable trust agreement dated May 11, 1994, which provided in relevant part that on the death of the survivor of them the trust remainder was to be distributed in specific portions among various friends, relatives (including Lizette) and charities. The settlors were to serve as trustees during their respective lifetimes and Lizette and decedent’s sister-in-law, Lorraine Goldberg, would serve as successor trustees. On the day the trust agreement was signed, decedent also executed a will, in which she left her residuary estate to the trustees of the revocable trust and named her niece and sister-in-law as coexecutrices.
On May 9, 1996 (about eight months after her husband’s death), Mrs. Davidson executed a first amendment to the revocable trust, in which she changed the provision for successor trustees, naming her financial advisor, Lew Smith, as sole successor trustee and his wife, Sharon Smith, as alternate sole successor trustee. On December 18, 1996, testatrix executed a new will, drafted by an attorney to whom she had been referred through Mr. Smith, which substituted Mr. Smith as executor and his wife as successor executrix in place of decedent’s niece and sister-in-law. This will also changed the residuary clause by adding an alternative provision designed to preserve the distributive scheme set forth in the revocable trust agreement if the latter were not in effect at decedent’s death.
*930 Petitioner is not a beneficiary under any of the above-mentioned instruments. After decedent’s 1996 will was offered for probate, he filed objections, alleging, inter alia, that Mrs. Davidson lacked testamentary capacity and that the instrument was procured by the fraud and undue influence of Mr. Smith and others. Petitioner now seeks authority to also challenge the revocable trust, on behalf of the estate and under limited letters, on the ground that his aunt lacked mental capacity in 1994.
Mr. Smith opposes petitioner’s application on several grounds. He contends first that the petition is premature because petitioner will not be interested in upsetting the trust if the propounded instrument is admitted to probate. He reasons that petitioner would not in such circumstance benefit from rescission of the trust since (according to his theory) the alternative residuary disposition under the will would then take effect and would thus prevent intestacy. This theory is based on the assumption that the alternative disposition would in fact take effect if the revocable trust were invalidated. In other words, it assumes that the condition upon which the alternative disposition depends — i.e., that the trust is “nonexistent” — has been satisfied, an issue of construction that cannot yet be raised, much less resolved. It is observed, moreover, that a Statute of Limitations problem could arise if a challenge to the trust were required to await resolution of the probate contest (see, Greene v Greene, 56 NY2d 86).
Mr. Smith argues next that the petition is premature because, if the 1996 will is denied probate, decedent’s niece and sister-in-law, the nominated coexecutrices of decedent’s 1994 will, might themselves seek to challenge the revocable trust, rendering petitioner’s involvement as an additional fiduciary unnecessary. Here too, however, in light of the Statute of Limitations, the delay Mr. Smith recommends might ultimately cost the estate its opportunity to have such contest. Moreover, future contingencies which might give others a right to challenge the trust are irrelevant if the law gives petitioner a present right to do so himself. The question is thus whether, as a distributee, petitioner does have such a right.
Although no court has expressly addressed the issue, in view of the standing allowed a distributee to object to the probate of a will there is good reason to allow a distributee standing to contest a revocable trust instrument after its settlor has died. As this court concluded in Matter of Tisdale (171 Misc 2d 716), revocable trusts — used increasingly as devices to *931 avert will contests — function essentially as testamentary instruments (i.e., they are ambulatory during the settlor’s lifetime, speak at death to determine the disposition of the settlor’s property, may be amended or revoked without court intervention and are unilateral in nature) and therefore must be treated as the equivalents of wills in the eyes of the law. On the premise that form must yield to substance in such matters, this court in Tisdale also concluded that the rights and remedies of the parties interested in a revocable trust must be consistent with the rights and remedies of the parties interested in a decedent’s will, including the right to a jury trial. Thus, a distributee who is entitled to file objections to probate should also be accorded standing to commence an action to set aside a revocable trust, since the latter is but another part of the decedent’s testamentary plan. This conclusion underlies a current legislative proposal by the EPTL-SCPA Legislative Advisory Committee, which includes, among those entitled to challenge a revocable trust, a distributee adversely affected by such trust (see, Supp to 4th Report of EPTL-SCPA Legislative Advisory Comm, at 16).
Although petitioner would thus have standing to challenge the revocable trust in his individual capacity if he chose to do so, he seeks instead to raise such a challenge in a fiduciary capacity, asking that limited letters be issued to him under SCPA 702 (9). Mr. Smith, however, contending that subdivision (9) may not be a basis for such an appointment, points to the reference there to an “action or proceeding against the fiduciary, in his or her individual capacity” (emphasis added) as well as “against anyone else against whom the fiduciary fails or refuses to bring such a proceeding.”
It is observed that subdivision (9) was added to SCPA 702 in 1993 (L 1993, ch 514) together with subdivision (8), which authorizes appointment of a limited fiduciary where the acting fiduciary has a conflict of interest. In its report, the EPTL-SCPA Legislative Advisory Committee noted that the Surrogate’s Court has broad authority under the “catch-all” provision of SCPA 702 (8) (now SCPA 702 [10]) to appoint a limited fiduciary for any purpose and to perform any act, but nevertheless recommended the addition of these two subdivisions because the situations presented therein — a fiduciary’s conflict of interest — merited explicit mention (2d Report of EPTL-SCPA Legislative Advisory Comm, reprinted in 1993 McKinney’s Session Laws of NY, at 2237). With respect to subdivision (9), the Committee stated that “[s]uch limited let *932 ters might issue where, for example, the fiduciary is also the surviving joint tenant on a bank account or other asset” (id., at 2238). Subdivision (9) of SCPA 702 was thus enacted to assure, among other things, that a limited fiduciary could be appointed to bring a proceeding to collect estate assets from a fiduciary who had a conflict of interest. It is noted that for purposes of protecting an estate there is no significant distinction to be made between an executor who, on the one hand, withholds estate assets as an individual and an executor who, on the other hand, withholds estate assets as a fiduciary of another estate or trust. Accordingly, it is concluded that the statute’s reference to “anyone else * * * whom the fiduciary fails or refuses to [sue]” must be intended to apply to the fiduciary already in office when it is proposed that he be sued in his capacity as fiduciary of another estate or trust, thus placing the present petition clearly within the ambit of SCPA 702 (9).
It is clear that a fiduciary appointed under SCPA 702 would have standing to challenge the revocable trust. Although the decisions on applications to set aside a trust after the settlor’s death do not discuss standing per se, it is generally accepted, without specific mention, that the settlor’s personal representative may commence such a proceeding where the settlor was induced to enter into the agreement by fraud or undue influence (Petrie v Chase Manhattan Bank, 31 NY2d 856 [action to set aside trust commenced by executor], mod 33 NY2d 846; Burns v Turnbull, 294 NY 889 [action commenced by surviving spouse as individual and as executrix of settlor’s estate]; Kelly v Ashforth, 47 Misc 498, affd 111 App Div 922 [same]; see generally, EPTL 11-3.1). The fiduciary may choose to bring an action to rescind the trust or may commence a discovery proceeding to obtain information needed to determine whether there are assets of the estate contained in such a trust or to reclaim for the estate assets held by the trustee (see generally, Matter of Laflin, 128 Misc 2d 348 [describing the general purposes of a discovery proceeding, which also allows a fiduciary to recover property that is owned by the estate, but wrongfully withheld from it]; SCPA 2103). As observed above, where a fiduciary will not pursue such relief on behalf of decedent’s estate, the court may appoint a second fiduciary to carry out those duties that decedent’s nominee is unable or unwilling to perform (Matter of Teah, 166 Misc 2d 976).
Based on the foregoing, limited letters shall issue to Barry Low, upon his duly qualifying according to law, authorizing him to bring an action to set aside the revocable trust.