[717 NYS2d 392]

In the Matter of the Estates of KATHLEEN L. COVERT and Another, Deceased. KELLY HAWLEY, as Executor of KATHLEEN L. COVERT and Another, Deceased, Petitioner; EDWARD F. COVERT et al., Appellants, and ROBERT L. MILLARD et al., Respondents.

Third Department, December 7, 2000

## APPEARANCES OF COUNSEL

*Thomas, Collison & Meagher,* Endicott (*Joseph P. Meagher* of counsel), for appellants.

*Hinman, Howard & Kattell,* Binghamton (*Vincent P. Vetrano* of counsel), for petitioner.

*Yetter, Zalbowitz & Gartell,* Binghamton (*Kenneth Joyce,* Buffalo, of counsel), for respondents.

## OPINION OF THE COURT

Rose, J.

On April 3, 1998, Edward M. Covert (hereinafter the husband) shot and killed his wife, Kathleen L. Covert (hereinafter the wife). Approximately three minutes later he ended his own life. A joint will executed by the husband and wife in 1995 provided that, upon the death of the first spouse, the surviving spouse was to inherit all of the property. Upon the death of the survivor, certain specified property was to pass to the wife's sister, and the balance of the estate was to be divided with a one-third share to pass to each spouse's parents and the remaining one-third share evenly divided among their siblings.

Surrogate's Court issued letters testamentary in both estates to petitioner, the wife's sister, who then requested direction in

the distribution of the estates. The residuary beneficiaries who are members of the wife's family (hereinafter the Millards) filed an answer requesting that the property pass only to them due to the circumstances of the wife's death. The husband's family members who are residuary beneficiaries (hereinafter the Coverts) also answered and then moved for summary judgment granting distribution of the assets of the husband and wife pursuant to the will. Surrogate's Court, in an amended decision and subsequent order, denied the Coverts' motion and granted summary judgment to the Millards directing that the wife's property and the couple's joint property pass to the wife's estate as though the husband had predeceased her, and disqualified the Coverts from taking due to the circumstances of her death. The husband's property, on the other hand, was directed to his estate to be distributed pursuant to the provisions of the will without employing the legal fiction that he had predeceased the wife. The Coverts appeal.

■ Due to the will's singular provision that the couple's property was to be distributed to the same beneficiaries in the same proportions regardless of which spouse died first, we disagree with the result reached by Surrogate's Court. To reach this conclusion, we begin, as did Surrogate's Court, with the well-settled rule that a person who kills his or her spouse is not entitled to profit from the death of the victim (*see*, *Riggs v Palmer*, 115 NY 506). Because this doctrine is as applicable to the slayer's estate as it is to the slayer, the property of the victim may not pass to the slayer's estate (*see*, *Matter of Bobula*, 19 NY2d 818, 819 [Burke, J., dissenting]; *Matter of Bach*, 53 AD2d 612; *Matter of Jacobs*, 2 AD2d 774, *affd* 3 NY2d 723; *Bierbrauer v Moran*, 244 App Div 87, 89). Although it was appropriate to prevent the husband and his estate from profiting from his wrongdoing by employing the legal fiction that he predeceased the wife (*see*, *Bierbrauer v Moran*, *supra*, at 90; *Matter of Macaro*, 182 Misc 2d 625, 631; *Matter of Pinnock*, 83 Misc 2d 233, 238; *see also*, Uniform Probate Code § 2-803), Surrogate's Court erred in the context of this will by limiting the fiction to certain types of property and disqualifying the Coverts from taking the share of the wife's estate that they otherwise would have received as her beneficiaries.

Three types of property are identified and distributed by Surrogate's Court: property of the wife, property of the husband and property held by the couple as joint tenants with right of survivorship. Surrogate's Court utilized the legal fiction as to the wife's property and the couple's jointly held property, but

failed to apply it to the husband's property, apparently recognizing that the *Riggs v Palmer* (*supra*) doctrine should not cause a forfeiture of the wrongdoer's own property. However, under the particular circumstances of this couple's joint will, the fiction must be applied evenly to carry out their—and more importantly, the wife's—testamentary scheme by giving her, as the fictitious survivor, all the property of the first to die. By consistently employing the legal fiction that the husband predeceased his victim, all of the husband's estate would be treated as passing first to the wife and then, with her property, to her beneficiaries. As the Coverts are among the named beneficiaries of the wife and are not themselves wrongdoers, the doctrine that the wrongdoer and the wrongdoer's estate may not profit from the death of the victim would not disqualify them from receiving the shares of the wife's estate as contemplated in her will. Nor will a forfeiture of the wrongdoer's own property occur under these circumstances, because the Coverts will share in the same proportions as beneficiaries of the wife as they would have as beneficiaries of the husband.*

■ Finally, we also find that Surrogate's Court erred in concluding that the beneficiaries named in the will should take precedence over the beneficiaries named in the husband's two life insurance policies and a retirement fund. The husband was the individual owner of these assets with the unrestricted right to name or change the beneficiary on each. At the time of his death, the wife was the primary beneficiary on all three assets, his father was the alternate beneficiary on the life insurance policies and his parents were the alternate beneficiaries on the retirement fund. Citing *Matter of Pinnock* (83 Misc 2d 233, *supra*) and *Matter of Bobula* (51 Misc 2d 376), Surrogate's Court determined that because the husband was responsible for the primary beneficiary's death, the proceeds should pass to his estate rather than to the alternate beneficiaries.

---

* For this same reason, it is not necessary for us to address the issue of forfeiture of the wrongdoer's interests in jointly held property with right of survivorship. We note a divergence of appellate authority on this point, with the First and the Fourth Departments holding that the wrongdoer forfeits all rights (*see, Matter of Pikul*, 192 AD2d 259, 264; *Bierbrauer v Moran*, 244 App Div 87, 89-90, *supra*) and the Second Department holding that the wrongdoer does not forfeit his or her own undivided interest (*see, Matter of Mathew*, 270 AD2d 416, 417; *see also, Community Natl. Bank & Trust Co. v Wisan*, 185 AD2d 870, 871). Here, the husband's beneficiaries, who would take any such rights of his, are also the wife's beneficiaries and will receive their full share of the joint property as beneficiaries of her estate.

In both *Matter of Pinnock* (*supra*) and *Matter of Bobula* (*supra*), the owners of the respective life insurance policies failed to name an alternate beneficiary and, therefore, the proceeds of the subject policies passed to the insured's estate. In contrast, in *Matter of Kaplan* (49 Misc 2d 335), where alternate beneficiaries were named, the Surrogate's Court stated that "[t]he secondary beneficiaries are entitled to the proceeds of the insurance policies" (*id.*, at 337). While Surrogate's Court here ascribed this result to the fact that the contingent beneficiaries were the children of the slayer and the victim rather than persons outside the victim's family, there is no indication in *Matter of Kaplan* (*supra*) that a different result would have been reached if, as here, the contingent beneficiaries were parents rather than children of the insured. Surrogate's Court's reliance on *Pertie v Chase Manhattan Bank* (33 NY2d 846) is also misplaced. Here, the property in question was owned solely by the husband while the property in *Pertie* were proceeds of the victim's trust which would have passed to the slayer's nominee. Consequently, Surrogate's Court erred in directing the distribution of the proceeds of the husband's life insurance policies and retirement fund to his estate rather than to the named alternate beneficiaries.

MERCURE, J. P., CREW III, MUGGLIN and LAHTINEN, JJ., concur.

Ordered that the amended order is modified, on the law, without costs, by directing that all of the property of Kathleen L. Covert and Edward M. Covert pass through the wife's estate and be distributed, after making the specified bequests to the wife's sister, one third to the wife's parents, one third to the husband's parents and one third to the couple's siblings, and that the proceeds from the husband's insurance policies and retirement fund be distributed to their respective alternate beneficiaries, and, as so modified, affirmed.