OPINION OF THE COURT
Renee R. Roth, S.
The trustees of the trust created under article ninth of the will of Lillian Goldman request the issuance of limited letters to a “special purpose trustee” in a novel application of section 702 of the Surrogate’s Court Procedure Act.
*969 The trust in question was created for the benefit of decedent’s daughter and her issue. The daughter presently has one child who is a trustee of this trust along with two of decedent’s other children.
Article twelfth of Mrs. Goldman’s will authorizes the trustees to confer upon any beneficiary a general power of appointment over the trust remainder and to modify or revoke such power by an instrument delivered to the donee. If such a power is not conferred, the remainder will pass upon the daughter’s death to her appointees among her issue under a special testamentary power, or, in default of her exercise of such power, to her issue then living, or, if the daughter has none, to decedent’s then living issue, per stirpes.
The trustees have been advised that substantial overall tax savings to the family could be achieved if a general power of appointment (within the meaning of Internal Revenue Code [26 USC] § 2041) is conferred upon the daughter. Although the conferral of a general power would make the fund includible in the daughter’s estate for purposes of estate tax, a credit for previous tax paid is available if the daughter dies within a certain time period. Concomitantly, the inclusion of the fund in the daughter’s taxable estate would avoid a generation skipping transfer tax, against which no such credit is available.
Petitioners have been further advised, however, that, because they are all persons with contingent remainder interests in the trust, their decision to confer a general power upon the daughter, in the exercise of their discretion as fiduciaries, might be deemed (under section 2511 of the Internal Revenue Code) a taxable gift by them individually. They thus request the appointment of a disinterested third party as a trustee for the special purpose of giving a revocable general power of appointment to the daughter, without the need for the consents of the other trustees, thus avoiding such exposure to gift tax liability.
Article sixteenth (E) of Mrs. Goldman’s will authorizes the trustees, acting unanimously, to appoint one or more additional trustees. It is noted that such designation is not effective without court approval and the issuance of letters of trusteeship. Therefore, petitioners have designated Louisa Little for appointment by this court as a special-purpose trustee. The designee, who has consented to such appointment, is familiar with the assets in the trust which are derived from the estate of decedent’s predeceased husband (the noted real estate developer Sol Goldman), of which she is an executrix.
*970 Historically, section 702 of the Surrogate’s Court Procedure Act has governed the issuance of “limited and restrictive” letters to a fiduciary, including a trustee (see Matter of Hellman, 134 Misc 2d 525 [1987]), when full letters were not warranted, e.g., to prosecute a wrongful death action where there were no assets to be administered in the estate or to appear in an action where decedent or his fiduciary was a necessary party. In 1993, however, the statute was amended (L 1993, ch 514, § 12, eíf Jan. 1, 1994) to include two new subdivisions, (8) and (9), which permit the appointment of an additional fiduciary even though there is a fiduciary already serving. Subdivision (8) governs the situation where the “acting fiduciary could not or should not act because of a conflict of interest” (Senate Introducer Mem in Support, Bill Jacket, L 1993, ch 514, at 22); subdivision (9) is purposed to allow an additional fiduciary to commence a lawsuit that the acting fiduciary has failed or refused to initiate against himself or someone else.
In prior cases, whenever limited letters have been issued under the amendments (see, e.g., Matter of Teah, 166 Misc 2d 976 [1996]; Matter of Davidson, 177 Misc 2d 928 [1998]; Matter of Vasquez, 162 Misc 2d 184 [1994]), section 702 has been used to protect the estate from the prospect of self-dealing by replacing the acting fiduciary in a limited respect. In those cases, the fiduciary was, in effect, involuntarily displaced with respect to the transaction or proceeding in question. The present application is different, however, in that the acting fiduciaries themselves are seeking, rather than opposing, the issuance of limited letters to a cofiduciary under section 702.
There has been no judicial comment to date as to whether section 702 may also be used as part of a tax planning device to allow the appointment of a limited fiduciary to act in the place of the current fiduciaries who, while acknowledging that the proposed action is advantageous to the trust, are loath to take such action in view of the personal cost that they might incur. Or, put another way, what is at issue here is whether the statute, as amended, may be used to accomplish tax benefits for the trust which might otherwise be lost because of the position in which the currently acting fiduciaries find themselves. Unless they are granted the relief they seek, the fiduciaries will be left with a Hobson’s choice: either refrain from doing their duty fully or do their duty fully at the risk of incurring individual tax liability.
Without recourse to section 702 the only way the fiduciaries could take advantage of the potential tax planning device and *971 be free from exposure would be to step aside completely. Mrs. Goldman clearly contemplated that her fiduciaries should confer a general power upon her daughter if, in the exercise of their fiduciary judgment, such power were in her family’s best interests. She did not, unfortunately, anticipate that such a price would have to be paid to exercise that judgment.
Although the conflict in this case is less apparent than the type to which subdivisions (8) and (9) are ordinarily applied, the trust is nonetheless vulnerable to harm because its best interests are at odds with the individual interests of its current fiduciaries. Consequently, this application appears to come within the general purpose of section 702, as amended, namely, to further the best interests of the trust and its beneficiaries by the appointment of a disinterested fiduciary who can take some action, tax related or otherwise, that the currently acting fiduciaries are reluctant to take.
Based upon the foregoing, the application is granted.