*539 OPINION OF THE COURT
Renee R. Roth, S.
Incident to the probate proceeding in the estate of Elias Stoller, one of decedent’s sons, Robert Stoller, seeks limited letters (SCPA 702) to allow him to commence a discovery proceeding against his stepmother, who has offered for probate an instrument which contains an in terrorem clause. The contested application presents a novel issue as to the relationship between a “no contest” clause in a will that has not yet been probated and discovery via limited letters by a party in the probate proceeding.
Mr. Stoller died on September 11, 2001, survived by his wife and two sons from a prior marriage. The propounded instrument, dated January 5, 1998, disposes of decedent’s interest in a partnership to his son Philip and gives the widow a pecuniary amount and the residuary estate in trust for her life income benefit, with remainder to decedent’s issue. The above-mentioned in terrorem clause, if violated by a beneficiary, would result in a total forfeiture of his, and his issue’s, interests under the instrument.
Since decedent’s death, the widow and her stepsons have had an on-going dispute about the size of the estate. She contends that decedent’s partnership interest (purportedly worth some $35,000) constitutes the major part of the probate estate; they maintain that she is withholding additional assets of significant value. The parties’ disagreements ripened into litigation when Robert and Philip filed the present application under SCPA 702, initially seeking the issuance of limited letters to them both. Thereafter, objections to probate were filed by Robert. Philip, however, presumably to avoid triggering the in terrorem clause, has not joined his brother in objecting to the will and has now asked to have his name removed as petitioner in the instant proceeding.
As originally enacted, section 702 provided for the issuance of letters that were limited or restricted to meet some particular need of an estate where a fiduciary with full letters was not warranted (e.g., to institute a wrongful death action in an estate where there is no asset to administer). The statute, however, was amended in 1993 (L 1993, ch 514, § 12, eff Jan. 1, 1994) to add subdivisions (8) and (9), both of which give the court discretion to appoint a fiduciary invested with circumscribed authority even though a fiduciary with full letters is already in office. Such relief was made available to assure that an estate has a *540 faithful representative with respect to a “transaction” as to which the incumbent fiduciary has a “conflict” (SCPA 702 [8]) or, in relevant part, to allow needed litigation to be pressed on behalf of an estate against the incumbent fiduciary individually (SCPA 702 [9]). Both subdivisions reflect the Legislature’s understanding that the individual interests of fiduciaries may at times be at odds with the interests of the estates that they have been appointed to serve, and they embody the Legislature’s practical response to such reality.
The courts have liberally applied section 702 to enable a person who may have a stake in a decedent’s estate to protect it where the interests of the estate are in some respect different from the fiduciary’s individual interests (see, e.g., Matter of Rimland, 2003 NY Slip Op 50966[U] [2003]; Matter of Goldman, 196 Misc 2d 968 [2003]; Matter of Davidson, 177 Misc 2d 928 [1998]; Matter of Teah, 166 Misc 2d 976 [1996]; Matter of Vasquez, 162 Misc 2d 184 [1994]).
It is observed that each of the above-mentioned cases involved special considerations justifying resort to section 702 as protection against some impending harm threatened by the action or inaction of a fiduciary.
By contrast, in this case, petitioner has made no showing that any prejudice would result from deferring the commencement of a discovery proceeding against the widow until the probate proceeding has been completed and the beneficial interests in decedent’s estate have been established. But, more important, whatever the good faith of the present petition, it cannot be ignored that, when an in terrorem clause looms in the background, such an application is inherently suspect so long as the probate contest remains pending or imminent. Until the probate proceeding is concluded, section 702 — notwithstanding the salutary uses to which it normally may be put — is vulnerable to abuse by a litigant with an eat-the-cake-and-have-it agenda, i.e., who wants to avoid triggering a no contest clause while at the same time building a case against the will or who is determined to skirt an in terrorem clause by building up pressure for settlement concessions by the proponent.
The circumstances of this estate illustrate the point. For present purposes, there is no need to resolve what is now a hypothetical issue, i.e., whether, if the will were admitted to probate, the in terrorem clause would be triggered by the steps Robert proposes to take in a discovery proceeding against the widow. It is instead enough to note that the no contest clause in this case *541 would leave Robert some room to hope for one of two results: that, under the guise of an ostensibly unrelated proceeding, he could collect ammunition against the will through discovery (on issues such as undue influence and capacity) without being deemed to have triggered the clause, or that such additional litigation would place enough of a burden on the widow to enable him to achieve an advantageous settlement with her despite the in terrorem clause. In the first scenario, the grant of limited letters would in essence facilitate the commencement of a pretextual proceeding. In the second scenario, limited letters not only would enable commencement of a strike suit, but, also, would allow the very purpose of a no contest clause — to spare the estate the costs and delays of a challenge to a valid will — to be thwarted with impunity and, in effect, with the court’s cooperation. The legislative history of the amendment to SCPA 702 clearly establishes that such new provision was not intended to be used for such purposes.
Based upon the foregoing, the application is denied without prejudice to its renewal, if appropriate, upon conclusion of the probate proceeding.